COPY                                    COPY

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

Gerald C. Mann                                    April 8, 1939
Attorney General


Hon. W. N. Darst
County Auditor
Fort Bend County
Richmond, Texas

Dear Sir:

> Opinion No. O-559
> Re: What disposition should be
> made of interest payment by
> bankrupt county depository?

Your request for an opinion on the above stated question has been received by this office.

Your letter reads in part as follows:

"In 1923 Davis & Company had been selected by the County as depository for the various funds and had on deposit to the credit of several funds certain amounts when that institution suspended payments, and in August following the partnership and individual members thereof were declared bankrupts, since which time until recently the estates have been in process of administration in that court.

"Davis & Company gave the usual depository bond, providing for the payment of 6% interest on deposits which bond was executed by a number of sureties. The officers of the County filed claims with the Bankruptcy Court in a large amount, and collected from the sureties a portion of their deposits, but not all. With the payments by the sureties and payments through the Bankruptcy Court, the principal of the claims, together with interest to date of adjudication, was paid. Recently the Bankruptcy Court made a considerable payment on the interest on the claims accumulated since adjudication. The correct disposition of this payment of interest is the matter upon which your opinion is desired."

Title 44 of the Revised Civil Statutes 1911, Article 2440 to 2453, inclusive, contains general provisions with reference to county depositories. The above mentioned statutes were in full force and effect at the time of the selection of the depository of the funds of Fort Bend County in 1923, and would control and govern the disposition of interest collected on such funds.

terest is the matter upon which your opinion
is desired."

Title 44 of the Revised Civil Statutes 1911,
Article 2440 to 2453, inclusive, contains general provi-
sions with reference to county depositories. The above
mentioned statutes were in full force and effect at the
time of the selection of the depository of the funds of
Fort Bend County in 1923, and would control and govern
the disposition of interest collected on such funds.

Article 2442, Revised Civil Statutes, 1911,
reads as follows:

"It shall be the duty of the commission-
ers' court at ten o'clock A. M., on the first
day of each term, at which, by article 2440,
bids are required to be received, to publicly
open such bids and cause each bid to be enter-
ed upon the minutes of the court, and to select
as the depository of all the funds of the county
the banking corporation, association, or indi-
vidual banker, offering to pay the largest rate
of interest per annum for said funds; provided,
the commissioners' court may reject any and
all bids. The interest upon such county funds
shall be computed upon the daily balances to
the credit of such county with such depository,
and shall be payable to the county treasurer
monthly, and shall be placed to the credit of
the jury fund or to such funds as the commission-
ers' court may direct. When selection of a
depository has been made, the checks of bidders
whose bids have been rejected shall be imme-
diately returned. The check of the bidder whose
bid is accepted shall be returned when his bond
is filed and approved by the commissioners'
court, and not until such bond is filed and
approved."

The fact that the depository was declared bank-
rupt would not affect the disposition of interest on the
funds of the county when collected and paid to the county,

has the right and authority to determine the disposition of interest payments on county funds by a bankrupt county depository as provided by law for the disposition of such interest on these funds at the time the selection of the depository was made.

You are further advised that the law in force and effect at the time the selection of the depository in question was made provides that such interest should be placed to the credit of the jury fund or to such funds as the Commissioners' Court may direct.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (Signed Ardell Williams
Ardell Williams
Assistant

AW:AW

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS